DONNA LEA GAEDE v. SHERMAN JAMES SMITH, Appellant.—No. 39414.
—190 S. W. (2d) 931.

Division One, December 3, 1945.

*T. A. Shockley* for appellant.

*A. J. Bolinger* for respondent.

740

DOUGLAS, J.—This is an action to quiet title to land in Morgan County. In 1937 Donna, the plaintiff, married defendant who was a farm hand on her father's farm. Donna was then sixteen years old. Her father gave her a farm situated in Pulaski County where she lived with her husband. In 1940 the farm was sold to the United States for part of the Fort Leonard Wood reservation for $3,000. Donna, still being a minor, was represented in the sale by her father who was her curator. After the sale Donna and her husband and her mother and father all moved to Morgan County. She had two farms in view so her father arranged to buy both and took deeds in blank awaiting her choice between them. Donna finally decided on the "Nelson Farm." Her father completed the purchase of this farm with the funds received from the sale of the Pulaski County farm and gave her the deed with the grantee blank. A short time later on December 2, 1941, the deed was recorded showing the grantees to be "Donna Lea Smith and Sherman James Smith, her husband." Donna became of age on January 8, 1942.

In March, 1943 Donna and her husband made a written agreement, preparatory to separation, dividing the live stock and personal property, her husband waiving his rights in the farm. The live stock was sold and her husband took his share of the proceeds and went to California. In January, 1944 Donna obtained a divorce. Then she filed this action against her former husband.

Her husband filed a cross action claiming the farm was deeded to him and his wife as tenants by the entirety, that they became tenants in common after the divorce, and asked for partition. Donna filed an amended petition stating her husband inserted his name in the deed as a grantee without her knowledge or consent,

that the farm was paid for entirely by her funds, that she at no time intended to give him any interest in it and that he had relinquished whatever claim to it he may have had by the separation agreement. The court found for Donna and her husband appeals.

██ The rule is well settled that when real estate is purchased by the husband and deeded to both the husband and wife as tenants by the entirety a presumption arises that the husband intended to give his wife such interest in the real estate. However, this is a rebuttable presumption and may be overcome by clear and positive evidence. Hiatt v. Hiatt (Mo.), 168 S. W. (2d) 1087; Alexander v. Alexander (Mo. App.), 44 S. W. (2d) 872; Hernandez v. Prieto, 349 Mo. 658, 162 S. W. (2d) 829. The same rule applies where the wife is the purchaser and takes a deed to herself and her husband. See Milligan v. Bing, 341 Mo. 648, 108 S. W. (2d) 108.

██ There appears to be no dispute that the deed received by Donna's father was blank as to the grantee. However, the evidence sharply conflicts concerning the insertion of the husband's name. But in view of the separation agreement it is unnecessary to resolve this issue.

Donna and her husband signed a written agreement, prepared by Donna who had been a school teacher, disposing of all their personal property between them and by which her husband agreed "to waive all rights on the 80 acres known as Nelson place." There can be no doubt but that the husband intended to relinquish whatever interest he had in the farm and that Donna was to hold the farm as sole owner. No other conclusion can be drawn from the agreement. When he signed the agreement he had known for some time the farm stood in both his and his wife's names.

"The law is too well settled in this state to admit of dispute that husband and wife, in contemplation of a separation and divorce, may, by valid contract between themselves, settle and adjust all property rights growing out of the marital relation, including the wife's right of dower and claim for alimony, support and maintenance. [Citing cases.] Postnuptial contracts of separation are not unlawful, and such contracts, when lawfully made, are sufficient to bar alimony and dower." North v. North, 339 Mo. 1226, 100 S. W. (2d) 582. "Under the law of Missouri, as it exists at present, both husband and wife, being sui juris, may make a valid and binding agreement to a property settlement in contemplation of a divorce without submitting the same to the court which may thereafter hear and determine all questions in respect to the divorce." Dorsett v. Dorsett, 232 Mo. App. 126, 90 S. W. (2d) 188, quoted with approval in Bishop v. Bishop (Mo. App.), 162 S. W. (2d) 332. Courts will enforce separation agreements upon the suit of a party to the agreement. Bishop v. Bishop, supra. We hold the agreement is valid and binding upon

both parties. Since Donna has performed her part under the agreement and her husband has accepted the benefits it is proper he should be held to perform his part.

Section 3446 R. S. 1939, Mo. R. S. A., has no application to the facts of this case. That section provides that all deeds and other instruments affecting title to real estate *executed* by a minor shall be binding unless disaffirmed within two years after reaching majority. In this case the deed in question was not executed by Donna.

If Donna intended the deed be made to herself and her husband as tenants by the entirety, it is presumed she was making a gift to her husband of an interest in the land. A gift by an infant has been held generally to be void, in some cases to be voidable. If voidable, an infant has a reasonable time after reaching majority to avoid. At the most this is all Donna's husband could claim but even this is denied him because of the separation agreement. Therefore it is unnecessary for us to consider that subject further.

The judgment of the learned chancellor is supported by the evidence and should be affirmed.

Judgment affirmed. All concur.