STATE EX REL. RALPH J. GREEN, Relator, v. JOHN R. JAMES, Judge of the Independence Division of the Jackson County Circuit Court. —No. 39733.—195 S. W. (2d) 669.

Court en Banc, July 8, 1946.

*Cyrus Crane, A. Z. Patterson* and *D. C. Chastain* for relator.

*John G. Madden, Maurice M. Milligan, R. R. Brewster* and *Ralph M. Russell* for respondent.

HYDE, J.—Prohibition to prevent ruling on a motion to vacate a divorce decree.

The record sought to be vacated is, as follows:

"77th day of the June Term, 1942.

Saturday, August 29th

"Court met pursuant to adjournment, Harold Marshall, Special Judge, sitting for the Honorable Marion D. Waltner. Present same as yesterday. Frances Clark Green, Plaintiff, vs. Ralph J. Green, Defendant. No. 99106.

"Now on this day comes plaintiff in person and by attorney and defendant appearing by attorney files Entry of Appearance and Answer in the above entitled cause.

"This cause now coming on for trial is submitted to the court upon the pleadings and after having heard the evidence the court finds that the allegations in plaintiff's petition are true; that plaintiff is the injured and innocent party and entitled to the relief prayed.

"Wherefore, it is adjudged and decreed by the Court that the bonds of matrimony heretofore contracted between plaintiff and defendant be and the same are hereby dissolved and for naught held and plaintiff forever freed from the obligations thereof.

"It is further ordered and adjudged by the court that the plaintiff be and she is hereby restored to her former name of Mrs. William D. Clark.

"It is further ordered and adjudged by the court that the costs herein be paid by, and that execution issued therefor against the defendant."

The motion to vacate was filed at the June Term 1944 by the successful plaintiff in the divorce action. It alleged that no summons was issued or service had upon the defendant; and that no testimony was heard in said cause at the courthouse at Independence in the courtroom therein established for the trial of causes in said Independence Division. It is further alleged that the special judge "left the courtroom in the Courthouse at Independence, Missouri, which was the regularly designated place for holding Court and for the trial of

causes in the Independence Division of the Circuit Court of Jackson County, Missouri, and went therefrom to the law office of Henderson, Henderson & Swofford, in the Scarritt Building located at Ninth and Grand Avenue in the City of Kansas City, Missouri; that the above entitled cause was, in said law office, called for trial by the said Harold Marshall; that there were present in said law office at said time and during the purported trial of said cause the said Harold Marshall, the acting Court Reporter, the plaintiff and counsel representing both plaintiff and defendant; that no other Court official from the Independence Division of the Circuit Court of Jackson County, Missouri,. was in attendance or present in said law office; that at said time and place the defendant, by ▮▮▮ his counsel attempted to file an alleged Entry of Appearance and an Answer with the said Harold Marshall; that thereafter Frances Clark Green, the plaintiff in the above entitled action, was sworn and testified; that said plaintiff was the only witness at said hearing or pretended trial of said cause; that at the conclusion of her testimony, the said Harold Marshall attempted to grant the plaintiff a divorce as prayed for in her petition.''

The motion also alleged that the petition for divorce had been filed on August 28, 1942; and that the following court rules were then in effect: ''(a) No divorce case shall be tried before the Term to which it is by the statutes returnable; (b) Until further order, no divorce case will be heard upon Entry of Appearance in this Division before the Term to which it would be regularly returnable under the statutes.'' Plaintiff's motion further alleged that the divorce decree granted to her was void for the following reasons:

''(1) No summons was issued in this cause and no service had upon the defendant;

''(2) No Entry of Appearance or Answer was legally filed in this cause;

''(3) The purported trial of this cause was held at a law office in Kansas City, Missouri, and at a place other than the regularly established place for holding trials in the Independence Division of the Circuit Court of Jackson County, Missouri.''

▮▮▮ Plaintiff contends that for these reasons the judgment was not rendered by a duly constituted court and void ab initio. However, the judgment is regular on the face of the record, and the motion did not dispute its recital that ''court met pursuant to adjournment,'' or that Harold Marshall had authority to act as judge thereof. It alleged that he left the courtroom in the courthouse and heard the evidence in plaintiff's case at the office of her attorney. The motion showed that plaintiff testified there in the presence of her attorney and the attorney for relator, the defendant therein. It also showed that his attorney delivered an Entry of Appearance and an Answer to the special judge. There was no claim that these papers were not

properly lodged with the clerk before the judgement was entered. Therefore, Section 876, R. S. 1939, Mo. Stat. Ann., did not require the issuance of summons.

While it was irregular to receive these papers for filing and to hear the evidence outside the courtroom we do not think it can be held that this deprived the court of jurisdiction to enter judgment in the case. We had no statute prohibiting a court from temporarily sitting to take evidence outside the regular courtroom provided in the courthouse. "In the United States the courts generally lean toward the view that in the absence of an express constitutional or statutory provision, a divorce case may be heard in camera." [17 Am. Jur. 319, Sec. 338.] Our new code expressly authorizes filing of pleadings with the judge (Sec. 5(e), Laws 1943, p. 358; Sec. 847.5(e) Mo. Stat. Ann.) and to hold trials outside the regular courtroom, even in another county, by agreement. (Sec. 90, Laws 1943, p. 382; Sec. 847.90 Mo. Stat. Ann.) In this case, the hearing at which plaintiff testified was not outside the county. Likewise, Sec. 9703, R. S. 1939, Mo. Stat. Ann. provided for hearing of juvenile delinquency cases in the Circuit Court "in the judge's chambers or in such other room or apartment as may be provided for such cases." Plaintiff's argument would make these provisions of the new code and the Juvenile Court Act unconstitutional.

This argument is that Sec. 22, Art. VI (Const. of 1875 then in effect; see also Sec. 6, Art. V, Const. of 1820) provided that the Circuit Court "shall hold its terms at such times and places in each county as may be by law directed"; and that this is a mandatory requirement which makes the judgment herein void because it is based on a hearing held in a place not directed by law. Plaintiff cites Sections 2165 and 2181, R. S. 1939, Mo. Stat. Ann. as requiring the holding of court only in the Courthouse at the City of Independence. Plaintiff also cites the 1905 Act, Laws 1905, p. 121, creating the Independence Division of the Circuit Court of Jackson County, and Sec. 2007, R. S. 1939, Mo. Stat. Ann. providing: "The sitting of every court shall be public and every person may freely attend the same". Section 2165 restates the constitutional provision and the sections following it, including Section 2181, merely fix the opening days of terms in each county, designating places (cities) only in those counties in which terms are authorized to be held in more than one place. This does not show that a hearing of evidence outside the regular courtroom destroys the court and makes its judgment a nullity.

In Bouldin v. Ewart, 63 Mo. 330, it was urged that a judicial sale was void because it was not held at the county seat. The county seat of Pettis County had been removed from Georgetown to Sedalia about three months before the sale and it was contended that court could not be lawfully held anywhere else. This court considered the stat-

utes concerning the duty of county court to provide a courthouse [now Secs. 13692, 13704, 13711, 13715 et seq., R. S. 1939, Mo. Stat. Ann.] and held that "the proceedings thereat were not nullities and that the execution sale in question is not void". This court said: "The very fact of holding the court there necessarily implied a judicial assertion of the right to hold it. It was a de facto court, and its proceedings were not void, even should it be conceded that its session was at a place unauthorized by law. . . . This being so, the place where such was held, was, at least pro hac vice, the courthouse." That case involved a more extreme situation than is herein presented because everything done therein was done away from the legal county seat whereas, in this case, the judgment was actually entered in the regular courthouse. The Bouldin case was followed and approved in Herndon v. Hawkins, 65 Mo. 265, in which it was held that a judgment was not void because the court rendered it while holding a session at a farm house, fourteen miles from the county seat which had been destroyed by fire. This court held that the trial court had jurisdiction of the person of the defendant, and of the subject matter of the action; so that the contentions made "only go to irregularities and not the validity of the proceedings."

Likewise in Kane v. McCown, 55 Mo. 181, court had been held in a church because soldiers occupied the courthouse; and this court said: "It could not be maintained, that the proceedings of the Circuit Court would be invalid, although its sittings were not in a building designated by the County Court." [See also State v. Peyton, 32 Mo. App. 522, where court was held in another building 250 feet from the courthouse.] An annotation in 43 A. L. R. 1525 discusses many cases in which hearings have been held outside the regular courtroom under various circumstances and states (l. c. 1535) the following conclusion: "In the majority of cases, and by what seems the better rule (unless prohibited by statute), it is held that the trial court may in its discretion adjourn court to the home, or residence, of a sick witness who, because of his illness, is unable to attend at the courthouse, and there take his testimony; and that the validity of the proceedings is not affected thereby, provided there is no abuse of discretion, the parties are not put to substantial inconvenience, their rights prejudiced." [See also 53 Am. Jur. 34, Sec. 13; 21 C. J. S. 253, Sec. 164.] In short, this may be a ground of error justifying reversal on a showing of prejudicial effect. It is well known that juries are often taken to view premises involved in a case; and we have held that "such things are largely discretionary". [Young v. Pennsylvania Fire Ins. Co., 269 Mo. 1, 187 S. W. 856; see also 53 Am. Jur. 349-355, Sec's 441-451; 64 C. J. 87, Sec. 90.] Of course, the trial of plaintiff's case at her own request, prior to the time fixed by the court's own rules, would not be jurisdictional. Neither is the fact that the special judge announced his decision after hearing plaintiff's

evidence, since the judgment was actually entered at the Courthouse. We, therefore, hold that the facts shown by the motion herein are matters of irregularity which could at most only make the divorce decree voidable and not void ab initio.

Plaintiff in support of her position that this divorce decree was void ab initio, and that her motion to vacate was therefore properly filed at a subsequent term because there was no jurisdiction to enter a decree, relies on State ex rel. Coonley v. Hall, 296 Mo. 201, 246 S. W. 35. As therein held, a motion to vacate is a proper remedy to call into question the jurisdiction of the court ab initio so that where the court was without jurisdiction of the parties or the subject matter, and its decree was therefore a nullity, such a motion could be determined even though filed at a subsequent term. However, in this case, the court did have jurisdiction of both the subject matter and the parties. Plaintiff invoked its jurisdiction and there is no contention that her petition for divorce was not properly filed in the Independence Division. Relator had entered his appearance. Both parties were represented at the hearing by their attorneys. Thus we have the very situation ("jurisdiction of the subject matter of the action and the parties") in which the Coonley case said that Section 1525, R. S. 1939, Mo. Stat. Ann. (then Sec. 1812, R. S. 1919) did apply to prevent vacation of a divorce decree on a motion filed at a subsequent term. This section is as follows: "No petition for review of any judgment for divorce, rendered in any case arising under this article, shall be allowed, any law or statute to the contrary notwithstanding; but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases."

The policy of this state to place time limits on the review of divorce decrees is also shown by Sec. 1524, R. S. 1939, Mo. Stat. Ann., prohibiting reversals, annulments and modifications except on appeals taken during the term at which they are entered or on writs of error issued within sixty days. There was no attack of any kind upon the judgment herein at the term at which it was rendered. [See State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916.] Plaintiff could not have appealed from it because she was not aggrieved by it. [Sec. 1186, R. S. 1939, Mo. Stat. Ann.; McClain v. Kansas City Bridge Co., 338 Mo. 7, 88 S. W. (2d) 1019 and cases cited; see also Pike v. Pike (Mo. App.), 193 S. W. (2d) 637.]. There was no claim of fraud, deceit or mistake as to the divorce. [See annotation 60 L. R. A. 294.] Plaintiff still makes no claim that she was not entitled to the divorce or that she would not want a divorce if this decree were set aside. Under the circumstances of this case, we think this motion to vacate filed at a subsequent term is barred by Section 1525, and we so hold.

Plaintiff's real claim which appears not from the motion to vacate, but from the briefs and affidavits filed herein, is that she is dissatisfied with a property settlement previously made under which she received $54,141.25 in lieu of a claim for alimony and $2000.00 for attorney's fees. This settlement is no part of the divorce case. If it were it would be collusive. [Bishop v. Bishop (Mo. App.), 162 S. W. (2d) 332.] " 'The law is too well settled in this state to admit of dispute that husband and wife, in contemplation of a separation and divorce, may, by valid contract between themselves, settle and adjust all property rights growing out of the marital relation, including the wife's right of dower and claim for alimony, support, and maintenance. . . . Postnuptial contracts of separation are not unlawful, and such contracts when lawfully made, are sufficient to bar alimony and dower.' North v. North, 339 Mo. 1226, 100 S. W. (2d) 582, 584, 109 A. L. R. 1061. 'Under the law of Missouri, as it exists at present, both husband and wife, being sui juris, may make a valid and binding agreement to a property settlement in contemplation of a divorce without submitting the same to the court which may thereafter hear and determine all questions in respect to the divorce.' Dorsett v. Dorsett, 232 Mo. App. 126, 90 S. W. (2d) 188, 194, quoted with approval in Bishop v. Bishop, Mo. App., 162 S. W. (2d) 332. Courts will enforce separation agreements upon the suit of a party to the agreement." [Gaede v. Smith, 354 Mo. 738, 190 S. W. (2d) 931.] Fraud in obtaining this settlement could be a ground for attacking it in a direct action brought for that purpose (See 17 Am. Jur. 554, Sec. 738; Annotation 5 A. L. R. 823); but that is not involved in this case.

The preliminary rule in prohibition heretofore issued is made absolute. All concur.