257 S.W.2d 250 (1953)
JENKINS
v.
JENKINS.
No. 21697.
Kansas City Court of Appeals. Missouri.
March 16, 1953.
Lucien W. Littick, Kansas City, for appellant.
James P. Aylward, George V. Aylward, and Terrence M. O'Brien, Kansas City, for respondent.
CAVE, Judge.
This is an appeal from an order of the circuit court denying a motion to modify a decree of divorce to the defendant (respondent) wife. The appellant is the former husband of the respondent. For clarity, we shall hereafter refer to the parties as the husband and the wife.
In July, 1944, the circuit court of Jackson County granted the wife a divorce on her cross-bill and awarded her the custody of their three children: J. W. Jenkins IV, then 18 years of age; Paul W. Jenkins, Jr., then 14 years of age, and Virginia M. Jenkins, then 12 years of age. The decree also approved a certain contract entered into between the husband and wife and incorporated the contract in the decree and made the same a part thereof.
*251 In July, 1951, the husband filed his amended motion to modify the decree and, among other things, alleged that the custody of the three children had been awarded the wife, and that the decree of divorce provided that the husband should pay the wife as and for the support and maintenance of their minor children the sum of $4,800 a year, payable at the rate of $400 a month and in addition thereto, the husband was to pay the tuition necessary for the education of the children through certain schools, colleges and universities, and make certain weekly allowances for each child; that at the time of the filing of the motion to modify the decree the three children had become emancipated, the two boys having reached the age of majority and the daughter having married, and that under such circumstances the court should modify the original decree by reducing the monthly payments to the wife to $400 a month. It is conceded that the two boys had attained their majority and that the daughter had married and become emancipated at the time the husband's motion was heard.
The wife filed a motion to dismiss the husband's motion to modify the decree on the ground that the court had no authority or jurisdiction to make such modification because the contract between the parties, and the decree based thereon, was a settlement of their property rights, and the court could not modify the provisions thereof. The motion to dismiss was sustained, and the husband perfected his appeal.
Under these circumstances, the question before this court is whether the trial court had jurisdiction to modify the original decree.
The decree awarded the wife an absolute divorce and the custody of the three children, and recited that "The court finds that the parties hereto have duly entered into a written contract, * * * by which they have settled all of their property rights and by which the plaintiff (the husband) has agreed to make the defendant (the wife) certain yearly and monthly payments therein provided for, for alimony and her future support and maintenance, said contract being in words and figures as follows, * * *."
After incorporation of the contract in haec verba, the court finds:
"That said contract is reasonable, fair and equitable and should be approved. Therefore, it is further ordered, adjudged and decreed by the court that said contract be and the same is hereby approved and the court orders that the same be considered and hereby becomes and is made a part of the judgment, finding and decree of the court entered by the court herein, and the plaintiff, and his estate, personal representatives, administrators, successors, heirs and assigns, are hereby ordered to pay to defendant by way of alimony and for her future support and maintenance the specific sums provided for in said written contract as and when the same become due and payable under the terms thereof and for and during the time said written contract is in force and effect, and the plaintiff, his estate, personal representatives, executors, administrators, successors, heirs, and assigns, are hereby ordered to carry out and perform all of the terms of said contract and any and all other provisions and obligations thereof imposed upon and assumed by the plaintiff thereby, all of which are adopted by the court and made part of its findings, judgment and decree herein, and that the defendant have therefor execution."
The contract of separation is very long, and we shall refer only to the provisions touching the issues presented on this appeal.
The agreement recites that differences have arisen between the parties and they have decided "to settle all of their property rights and interests and do enter into an agreement in regard thereto and with respect to the provisions to be made for the future support and maintenance of second party (the wife) and their minor children, and in the event that * * * (the wife) should obtain a decree of divorce * * *, she shall be allowed judgment for future support, maintenance and permanent alimony as hereinafter set forth, without any reduction, decrease, diminution, or diminishment in the amount thereof or any increase in the amount thereof at any time upon any ground or for any purpose in any court which may have jurisdiction of any *252 proceeding between the parties as to their property or marital rights and interest." The contract then provides that until the remarriage or death of the wife or the death of the husband, whichever occurs at the earliest date, the husband agrees to pay the wife the sum of $9,600 net a year, payable in equal monthly installments of $800 each, as a net sum for alimony, future support and maintenance without any decrease, reduction, diminution or diminishment of any character of or in the amount thereof, and without any increase in the amount thereof during said period, and that said specific sum and amount or any judgment or decree of any court approving this contract or fixing the amount or making an allowance to the wife shall be the specific and definite sum and amount set forth in the contract and shall not be subject to revision, change, modification, decrease, reduction, diminishment, increase or enlargement by the parties or by any court which may have jurisdiction of the parties or of their marital rights or interests in any proceeding concerning the same. In case of the death or remarriage of the wife prior to the death of the husband the obligation of the husband shall cease and be cancelled upon the happening of such event. In case of the death of the husband prior to the death or remarriage of the wife, the estate of the husband, his personal representatives, executors, administrators, successors, heirs and assigns, will andshall be liable, obligated to pay, and shall pay to the wife the sum of $400 per month as a net sum and that said sum shall be a legal and valid claim against his estate and shall continue until the death or remarriage of the wife. In addition to the above, the contract provides that the husband or his estate shall pay to the wife an amount equal to the Federal and State personal income taxes of the wife. The contract also provides that in the event of the death of the husband prior to the time their children have reached the age of 21 years, the husband agrees to provide in his will or otherwise a sufficient sum of money for "the education, support and maintenance of said minor children suitable to their station in life so that party of the second part (the wife) shall not be required to use any of the Four Hundred ($400.00) dollars a month which she will receive and be paid upon the death of first party (the husband) for her own individual, sole and separate support and maintenance of said minor children during any of the time before they or either of them reach the age of twenty-one years." It is then provided that the parties will execute the necessary deeds to convey their home to the wife and certain other real property to certain relatives of the husband for and during their life with remainder in fee simple in the husband; that the husband will execute a bill of sale for furnishings, furniture and equipment in the home, with certain exceptions, to the wife. It is also provided that the husband, and in the event of his death, his estate will pay the tuition necessary for the education of the minor children in certain schools and colleges, and will continue his present allowance of two dollars a week to each of said children; that the care and custody of said children shall be in the wife with the right in the husband to visit them and for them to visit him at reasonable times; that the husband will place in escrow a certain promissory note of $15,000 to secure the payments provided for in the contract; that in the event of the remarriage or death of the wife prior to the attainment of majority of the minor children, the husband shall, at his own expense, support, maintain and educate them suitable to their station in life. It is then provided that the wife relinquish and forever release all marital and dower rights of every kind, nature and description in or to or against her husband and his estate; and completely and generally release the husband and his heirs, executors and administrators from any and all claims or causes of action of every kind, nature and description, "it being the intention of the parties that second party's rights will be limited strictly to the provisions of this agreement, * * *" unless the husband breaches the contract, in which event her marital rights will be restored; that in the event the parties shall be divorced, the agreement may be exhibited to the court and the court may adjudge and decree that the husband make the specific payments *253 provided for "for future alimony, support and maintenance of the party of the second part (the wife) and carry out and perform the provisions of this contract and the same shall become effective and enforceable with approval of the court, and when made, be incorporated in and shall form and become a part of the judgment and decree of said court, the terms of which shall not be enlarged, altered, changed or revised or modified by court or parties, and same shall be subject to be enforced as all final judgments under the law * * *."
The basic question for decision is whether the decree is an award of alimony or whether it is a settlement of the property rights of the parties. If its purpose was limited to alimony, then the court had jurisdiction to modify the judgment if the facts justified it. On the other hand, if it is not for alimony, but is a legal contractual obligation of the husband and wife in settlement of their property rights, then it is not subject to modification. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; State ex rel. Green v. James, 355 Mo. 223, 231, 195 S.W.2d 669, 673; Gaede v. Smith, 354 Mo. 738, 741, 190 S.W.2d 931, 932; Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730, 735; Tracy v. Tracy, Mo. App., 205 S.W.2d 947, 948; Poor v. Poor, 237 Mo.App. 744, 167 S.W.2d 471, 474; Bishop v. Bishop, Mo.App., 162 S.W.2d 332, 335; Davis v. Davis, Mo.App., 196 S.W.2d 447, 451; Luedde v. Luedde, 240 Mo.App. 69, 77, 211 S.W.2d 513, 517.
In Tracy v. Tracy, supra, the court held, 205 S.W.2d 948: "That the parties may contract with regard to their property, and include the amount of alimony to be awarded the wife upon legal separation of divorce, is now a well settled doctrine, and if the terms of the agreement are adopted in the decree, such decree, as to the matters covered by the agreement, becomes immune from subsequent modification."
In North v. North, supra, the court said, 100 S.W.2d 584: "The law is too well settled in this state to admit of dispute that husband and wife, in contemplation of a separation and divorce, may, by valid contract between themselves, settle and adjust all property rights growing out of the marital relation, including the wife's right of dower and claim for alimony, support, and maintenance. * * * The statute which authorizes the court to modify an award of alimony does not authorize the modification of legal contractual obligation which the husband assumes and agrees to pay his wife. So the question in this case is whether or not the $500 monthly allowance to the wife is an award of alimony. If it is alimony, it is subject to modification. On the other hand, if it is not alimony, * * then it is not subject to modification by the court. A proper determination of that question will settle this case."
There is no doubt in our mind that the contract and the decree based thereon settle the property rights of the parties and are not merely provision for alimony. The contract recites that it is entered into for the purpose of settling "all their property rights," and the court, by its judgment, so found. Furthermore, the contract requires the payment of the $800 a month to the wife irrespective of whether the children are minors or have attained majority. There is no provision for the reduction of the payments as each child reaches majority or becomes emancipated. On the contrary, it expressly prohibits the reduction of the payments "at any time upon any ground or for any purpose * * *"; and states that the payments are "for the future alimony, support and maintenance" of the wife; and requires the payments to be made until the wife dies or remarries. This last provision clearly shows a contractual obligation was intended because the court could not order the payment of alimony after the death of the husband. North v. North, supra. Furthermore, the wife releases all her marital rights and claims against the husband and his estate, including alimony, dower rights and any interest she might have in any of his property. The only events which will relieve the husband from the payment of $800 a month is the remarriage or death of the wife or the death of the husband. If he should die before the wife remarries or dies, then the payments *254 are to be reduced to $400 a month to the wife and the husband agrees to provide, by will or otherwise, for the future support and education of the children. None of these events had occurred at the time this matter was heard in the trial court. It is unnecessary to restate all the provisions of the contract and decree, but all are considered in arriving at our conclusion.
In its decree the court incorporated all the provisions of the contract and made them a part of the decree and, when we refer to various obligations created by the contract, we are also referring to the provisions of the decree. It will be noted that the decree includes many provisions and obligations which could not be included if the purpose was for the allowance of alimony only.
However, the husband contends that a fair and reasonable construction of the contract and of the decree justifies the interpretation and conclusion that $400 of the monthly payments was intended for the support and maintenance of the children during their minority and that, since they are now of age or emancipated, he should be relieved to that extent. We find nothing in the contract nor in the decree to support this conclusion. In fact, the contract and the decree require the husband to make certain provisions for the education of the children and to pay them certain allowances, in addition to the amount allowed the wife.
It must be kept in mind that this is not a proceeding to compel a father to support minor children or to modify a decree which has made specific provision for the support and maintenance of children. The husband cites many cases discussing such questions and announcing the broad powers courts have over the custody and the maintenance of children, but those cases are not controlling because we are not confronted with such questions.
In support of his arguments, the husband cites the following Missouri cases: State ex rel. Shoemaker v. Hall, Mo.Sup., 257 S.W. 1047; Luedde v. Luedde, supra; Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W.2d 143; In re Krauthoff, 191 Mo. App. 149, 177 S.W. 1112; Green v. Green, Mo.App., 234 S.W.2d 350; Mayes v. Mayes, Mo.App., 104 S.W.2d 1019; Hayes v. Hayes, Mo.App., 156 S.W.2d 34; Tysdal v. Tysdal, Mo.App., 235 S.W.2d 124.
It would serve no useful purpose to lengthen this opinion by discussing and distinguishing these cases, but a careful reading of them will disclose wherein they present issues different than those presented in the instant case.
The husband also cites decisions from other jurisdictions which criticize the doctrine announced in North v. North and similar cases, cited supra. However, we will follow the law as announced by the courts of this state.
It is our conclusion that the husband and wife solemnly entered into a contract for the settlement of all their property rights, including the amount to be paid the wife monthly, and that they consented to a judgment embodying the provisions of their contract of settlement, and that the court could not modify the same except upon the happening of certain events therein provided for, which are not present at this time.
It follows that the judgment should be affirmed. It is so ordered.
All concur.