Rose **SINGER**, Plaintiff-Respondent,

v.

Nathan **SINGER**, Defendant-Appellant.

No. 31891.

St. Louis Court of Appeals.

Missouri.

April 20, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied May 14, 1965.

Adolph K. Schwartz, St. Louis, for defendant-appellant.

Kerth, Thies & Schreiber, C. Kenneth Thies, Clayton, for plaintiff-respondent.

BRADY, Commissioner.

The basic question involved in this appeal is whether a trial court can modify an alimony judgment based upon an agreement of the parties entered into in connection with the original divorce proceeding and providing for monthly alimony payments. The trial court sustained the respondent's motion to dismiss the appellant's motion to modify the judgment. The parties will hereafter be referred to by their designation in the original divorce proceeding.

Shortly after the plaintiff filed her petition for divorce, the parties entered into a stipulation styled "Agreement for Property Settlement." In this agreement the defendant was the second party and the plaintiff was the first party. The specific paragraphs in the agreement that are of primary interest in this appeal read as follows: "1. In the event the aforementioned Court shall, upon the trial of said suit, make and enter its decree therein, granting plaintiff a divorce from the bonds of matrimony, *then the settlement hereinafter provided to be made shall at once take effect as an agreement binding the parties with reference to the rights and obligations of each party as the spouse of the other,* and with reference to all marital and other rights of either in and to the property and estate of the other party, whether real, personal or mixed, and wherever situated. * * * 8. Any decree of divorce entered in this matter shall provide that Second Party pay First Party as alimony the sum of Two Hundred Fifty Dollars ($250.00) per month, payable monthly on the first of each month. The first alimony payment shall be adjusted from the date of any decree that may be entered to the first of the following month. * * * 12. It is the intention of the parties hereto by this contract to adjust all property rights which said parties may have, and *to fully and finally adjust all claims, present or in the future, for support money and alimony,* if any, and *such settlement shall be considered final as between said parties as to any claim which each may*

*have against the other for support money, alimony,* or other marital interest, and the execution of this contract shall be a final and full release of any and all claims which either party may now or hereafter have against the other." (Emphases supplied.)

The other provisions of the "Agreement for Property Settlement" are very extensive and need only be summarized in this opinion as they are pertinent only as they tend to show the intention of the parties to fully, completely and finally adjust all claims between the parties. The agreement specifically disclaimed that it was based upon the consent of either of the parties that the other should procure a decree of divorce or upon any agreement to waive any defense. In the event the court denied a decree of divorce the agreement was to be null and void.

The agreement provided for the conveyance of real estate which the parties jointly owned; the ownership of the household furnishings; the equal division in kind of certain shares of stock in various corporations; the ownership of certain bank account savings certificates and savings and loan accounts; and the family automobile. It further provided that, with one exception, the defendant was to execute an irrevocable change of beneficiary as to all life insurance policies in favor of the minor son born of this marriage. The defendant was to pay the plaintiff's attorneys and the court costs. The agreement was silent as to any provision regarding its continuance or termination upon the death or remarriage of either party.

It appears from the transcript that on the 12th day of April, 1961, there was submitted to the trial court an instrument designated "Decree" which apparently was prepared by one of the attorneys then in the case. That instrument included, haec verba, the "Agreement for Property Settlement" heretofore referred to. That decree was not signed by the trial court which entered its own decree providing, in its parts pertinent to our inquiry, " * * * that said

plaintiff have and recover of said defendant the sum of $250.00 per month as and for alimony; and the further sum of $500.-00 as and for attorney fees; and that said defendant pay the costs herein incurred. Stipulation filed and approved." On the same date there was filed in the court a form upon which appeared the signature of each of the attorneys and that of the trial judge. After reciting that the plaintiff was awarded a decree of divorce on her petition, the amount of alimony, the amount of the attorneys' fees, and that defendant was to pay the costs, this paper also, above the signature of each of the attorneys, contained the words "Stipulation filed: and approved."

On August 16, 1963, the defendant filed the present motion for modification of the judgment. That motion for modification alleged that the defendant had suffered a serious illness which had incapacitated him and resulted in a reduction in his net earnings so that while he had a net adjusted gross income of approximately $10,500.00 for the year immediately preceding the decree of divorce, his net adjusted gross income for the year immediately preceding the filing of this motion to modify was approximately $2,500.00. The prayer of the motion was that the court decrease the monthly award to a sum which the court deemed proper under the circumstances then existing. The defendant first filed a motion to quash the motion for modification. In that motion it was set out as grounds therefor that the monthly alimony payments were "strictly contractual in nature" under the provisions of the agreement for property settlement and were not therefore subject to modification. This motion was never acted upon and the defendant later filed an " * * * Amended Motion to Dismiss Defendant's Motion for Modification of Judgment." The sole ground stated in the motion to dismiss was that "1. The alimony of Two Hundred and Fifty ($250.00) dollars per month was awarded by a consent judgment entered pursuant to a prior agreement between the

parties and is not subject to modification, except by consent of the parties." The trial court sustained the motion to dismiss on the ground that the alimony in the original decree " * * * is not subject to modification by this Court, same being contractual in nature. * * *"

It is now a well settled doctrine that a husband and wife, in contemplation of divorce, may, by valid contract, settle all property rights growing out of the marital relation including the wife's claim for alimony, and if the agreement is adopted in the decree, such decree, or that part of it as adopted by the court, becomes immune from modification as to the matters covered by the agreement. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; Tracy v. Tracy, Mo.App., 205 S.W.2d 947.

It is equally well settled that in this state Section 452.070 RSMo 1959, V.A.M.S., does not authorize the modification of a legal contractual relation which the husband has assumed and agreed to pay his wife, North v. North, supra; Tracy v. Tracy, supra. If the divorce decree is an award of statutory alimony, then it is subject to modification and we should remand this cause for trial upon the merits of that issue. On the other hand, if the decree constitutes a judicial adoption of the contractual relation between the parties, then the divorce decree is immune from the modification defendant seeks.

In determining the issues presented by this appeal the nature of the proceeding here involved must be kept clearly in mind. This is not an action to enforce the "Agreement for Property Settlement." That agreement would have been valid even though never submitted to the divorce court for approval. Dorsett v. Dorsett, 232 Mo.App. 126, 90 S.W.2d 188, l. c. 194; Bishop v. Bishop, Mo.App., 162 S.W.2d 332, l. c. 335; 17A Am.Jur., Divorce and Separation, Section 900 et seq. Its validity is not in issue in this proceeding. Neither is this an action involving the availability of other judgment remedies such as execution or similar proceedings. What is here involved is an attempt to modify the decree as to the alimony therein by a proceeding under § 452.070, supra.

It is also necessary that the divorce decree be clearly understood. The decree contains the words "Stipulation filed and approved." There was no "stipulation" filed in the case. The only paper that was filed was the "Agreement for Property Settlement." The defendant contends that the court did not intend to refer to that agreement when it used the words "Stipulation filed and approved." We cannot agree. The fact the trial court referred to the "Agreement for Property Settlement" as a "Stipulation" is not controlling. The important fact is that the trial court indicated that it was approving what had been filed with the court. Since the "Agreement for Property Settlement" was the only thing filed, we must read the words "Stipulation filed and approved" as "Agreement for Property Settlement filed and approved."

The divorce decree in the instant case was not an award of statutory alimony but instead constituted an adoption by the court of the contractual obligation entered into between the parties. In those cases where the agreement between the parties is set out, haec verba, in the decree there can be no doubt as to the court's adoption of an agreement. For an example see Jenkins v. Jenkins, Mo.App., 257 S.W.2d 250. It is doubtless for this reason that this has been said to be the better practice. See the dissents of Carter, J., in Flynn v. Flynn, 42 Cal.2d 55, 265 P.2d 865 at l. c. 868 and Dexter v. Dexter, 42 Cal.2d 36, 265 P.2d 873 at l. c. 878. However, the issue does not turn upon whether the trial court incorporated the agreement into the decree by setting it out in full or whether it did so by some other manner. In Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675, this court held that some minute entry or act of the court could show the adoption of the agreement. In the instant case, as in Tracy

v. Tracy, supra, the trial court did not set out the full agreement in the decree but referred to the agreement and indicated its approval of it. We cannot assume that the divorce court included the words "filed and approved" in its decree without intending that they should have some effect. We think the act of the court to use this language in the decree constitutes a clear indication that the trial court did act to adopt the provisions of the agreement between the parties as to alimony and did not exercise its independent judgment and discretion upon that matter.

An examination of the "Agreement for Property Settlement" indicates clearly that the parties intended that document to fully and permanently settle the issue of alimony both as to such sums then due and as to any future claims for alimony. In Jenkins v. Jenkins, Mo.App., 257 S.W.2d 250 at l. c. 252, the contract between the parties specifically provided that the " * * * decree of any court approving this contract or fixing the amount or making an allowance to the wife shall be the specific and definite sum and amount set forth in the contract and shall not be subject to revision, change, modification, decrease, reduction, diminishment, increase or enlargement by the parties or by any court which may have jurisdiction of the parties or of their marital rights or interests in any proceeding concerning the same. * * *" It was also provided that the terms of the contract between the parties in that case (257 S. W.2d 250, l. c. 253) " * * * shall not be enlarged, altered, changed or revised or modified by court or parties * * *." While the language in paragraph 12 of the contract is not as specific as the language found in the contract in the Jenkins case, nevertheless the provisions in the agreement in the instant case that it " * * * shall be considered final * * *" between the parties " * * * as to any claim which each may have against the other for * * * alimony * * *" is a clear provision covering future disputes between the parties as to that matter. In the

instant case it is obvious that the parties intended and understood the provisions of the contract with respect to the award of alimony, when approved by the court, to constitute a final adjustment of all said claims and that this adjustment was to apply, as stated in paragraph 12 of the contract to present claims or to those "in the future."

As indicated by the summation of the other provisions of the agreement between the parties, this agreement was extensive and fully disposed of all of their jointly held property as well as settling the rights that each might have against the other arising out of the marital relation. The provisions in that agreement as to alimony constituted an integral and important element in the adjustment of the rights of the parties. This court cannot change that agreement so as to take better care of the defendant than he took of himself when he entered into such an agreement without making any provision therein as to future modification in the event there was a change in condition which resulted in a diminished income with which he might make the alimony payments agreed to.

■ The defendant also urges the trial court erred in sustaining the motion to dismiss because, in its order doing so, it stated the decree could not be modified as it was "contractual in nature" and this is a different ground than that urged in the motion; i. e., that the decree was a "consent decree."

We need not rule upon the matter. Assuming arguendo that in an appeal from a case of this nature this court could not consider any ground to sustain the motion to dismiss except that specifically stated in the motion, the defendant's contention is still without merit. This for the reason there is no essential difference between the ground stated in the motion and that given by the trial court to sustain its ruling. Decrees of the nature here involved have been spoken of as "consent decrees." Tracy v. Tracy, supra. The defendant does not allege he was misled or in any way prejudiced by the

action he now complains of and it is difficult if not impossible to see how he could have been prejudiced. The defendant's brief graphically illustrates he understood the theory of the trial court's ruling as well as the theory of the plaintiff's motion and that he treated both throughout this proceeding as identical in nature. There is no merit to the contention.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

WOLFE, P. J., RUDDY, J., and WILLIAM E. BUDER, Special Judge, concur.

ANDERSON, J., not participating.