In re the ESTATE OF John C. HALVERSON, Deceased.

Susan PAWLOWSKI, Personal Representative, Appellant,

v.

Bettie S. HALVERSON, Piper, Jaffray & Hopwood, Inc., Respondents.

No. WD 45916.

Missouri Court of Appeals, Western District.

Nov. 3, 1992.

Lyle L. Odo, Platte City, for appellant.

David E. Larson, Kristine S. Focht, Watson, Ess, Marshall & Enggas, Kansas City, for respondents.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Susan Pawlowski, individually and as personal representative of the estate of her deceased father, John C. Halverson, brought this action against his former wife, Bettie Halverson, for discovery of assets and breach of contract in connection with certain assets allegedly due the estate which were covered by the terms of a property settlement agreement executed in Missouri by John and Bettie Halverson as part of the 1985 dissolution of their marriage. Bettie, now a resident of Minnesota, filed a motion to dismiss on the ground that the Missouri court lacked personal and subject matter jurisdiction.

Additionally, Pawlowski joined as a defendant in the same suit, Piper, Jaffray & Hopwood, Inc., an investment firm headquartered in Minnesota, and requested the court to order the company to pay over to the estate certain proceeds from an IRA Rollover account that Pawlowski claims was the sole and separate property of her late father under the terms of the property settlement agreement. In response, Piper Jaffray filed an interpleader petition requesting that it be allowed to pay the IRA funds into court and that Bettie and Pawlowski be required to interplead with each other to determine which is entitled to the funds, thereby releasing Piper Jaffray of any liability. The probate court entered judgment for Bettie and dismissed both Pawlowski's suit and the interpleader action on finding that the court did not have personal or subject matter jurisdiction.[1] On appeal, Pawlowski contends the court had jurisdiction. Reversed and remanded.

John and Bettie Halverson were married in Missouri in 1983. In 1985, the marriage was dissolved by decree in Missouri. As part of the dissolution, John and Bettie entered into a property settlement agreement which divided the couple's assets, including the items of property at issue in this appeal. At issue in this appeal are two

---

1. Piper, Jaffray & Hopwood, Inc., did not file an appeal.

retirement funds, an IRA rollover account, unused vacation pay and the last paycheck of John Halverson. John remarried and, for whatever reason, did not remove Bettie as primary beneficiary on these accounts before he died in 1989. Thus, after John's death, Bettie was still designated as the primary beneficiary of these funds. Pawlowski was listed as the contingent beneficiary. Pawlowski contends that since Bettie stipulated to relinquishing all rights, title and interest to the funds to John as set forth in the agreement, such funds rightfully belong to the estate of her father.

As personal representative of her father's estate, Pawlowski brought a suit for discovery of assets and breach of contract against Bettie and Piper Jaffray for refusal to pay over the assets which Pawlowski claims belong to the estate. Piper Jaffray filed a petition in interpleader. Bettie filed a motion to dismiss based upon lack of personal and subject matter jurisdiction. The court sustained the motion and dismissed both Pawlowski's suit and the interpleader action.

■ On appeal, Pawlowski contends that the court erred in finding that it lacked personal jurisdiction over Bettie, a resident of Minnesota. Pawlowski argues that the court has personal jurisdiction over a nonresident, pursuant to § 506.500 RSMo, 1986,[2] which is Missouri's long-arm statute. In order to establish personal jurisdiction over a nonresident under Missouri's long-arm statute, Pawlowski must satisfy a 2–part test: (1) the cause of action must arise out of acts enumerated in the long-arm statute; and (2) the defendant must have sufficient minimum contacts with the State of Missouri to satisfy due process. *Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530, 533[5] (Mo.App.1990).

■ In order to withstand the motion to dismiss and prevail on the issue of personal jurisdiction pursuant to the long-arm statute, Pawlowski must establish a prima facie showing of the validity of her claim by satisfying the above criteria. *State ex rel.*

*William Ranni Associates, Inc. v. Hartenbach*, 742 S.W.2d 134, 139[10] (Mo. banc 1987). Bettie contends that Pawlowski failed to do so and argues that this action neither arises out of the property settlement agreement nor any acts by Bettie.

Pawlowski relies on § 506.500.1(2), which provides, in pertinent part:

> Any person or firm, whether or not a citizen or resident of this state ... who in person or through an agent does any of the acts enumerated in this section, thereby submits such person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> ... (2) The making of *any contract within this state.* (emphasis added)

Pawlowski claims that the property settlement agreement entered into by the Halversons as part of the dissolution of their marriage constitutes a "contract" for purposes of § 506.500.1(2). In contemplation of their divorce in 1985, the Halversons executed a property settlement agreement in Missouri whereby they agreed to the division of certain marital and nonmarital property. The assets at issue in this suit were covered by the agreement.

Missouri courts have long recognized the contractual nature of property settlement agreements. *State ex rel. Green v. James*, 355 Mo. 223, 195 S.W.2d 669, 673[11] (1946). Moreover, a husband and wife, in contemplation of a dissolution, may validly contract between themselves regarding the settlement of property rights emanating from the marital relationship. *Muhlhauser v. Muhlhauser*, 754 S.W.2d 2, 4[2] (Mo. App.1988). The Halversons did exactly that. By entering into a property settlement agreement, John and Bettie contracted between themselves, in contemplation of the dissolution of their marriage, to settle all matters related to the disposition of their property. Therefore, this court finds that Bettie made a contract in this state when she executed the property settlement agreement and thereby submitted herself to the jurisdiction of Missouri pursuant to § 506.500.1(2).

**2.** All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

Pursuant to § 506.500.1(3), Pawlowski must show that her cause of action arose from the agreement. In Count I, Pawlowski sought to discover assets of the estate which allegedly were to have been relinquished by Bettie pursuant to the property settlement agreement. Pawlowski requested the court to direct Bettie to deliver the proceeds to the personal representative of her father's estate. Count II alleges breach of contract for alleged breach of the property settlement agreement. Both of these Counts address issues which involve a dispute regarding the rights and entitlement of the parties to particular assets covered by the Halversons' agreement. Count I is clearly based on the property settlement agreement and meets the requirement of the long-arm statute that the action arise from an agreement made in this state.

Pawlowski also sued for breach of contract alleging that Bettie breached the terms of the agreement by refusing to relinquish all rights, title and interest to the proceeds at issue. It should appear self-evident that Count II necessarily arises from the agreement since the agreement itself is the contract that was allegedly breached. Therefore, Count II also arises out of the making of the agreement.

■ In order to satisfy the second prong of the test, Pawlowski must show that Bettie has sufficient minimum contacts with the State of Missouri to satisfy due process. *Dillaplain*, 788 S.W.2d at 533[5]. The contacts with the forum state must be such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Id.* at 534 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). Due process also requires that there be some act by which the non-resident defendant "purposefully avails [him or herself] of the privilege of conducting activities within the forum state." *State ex rel. William Ranni Associates*, 742 S.W.2d at 137–38 (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). The purposeful availment requirement is satisfied "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." *Id.* at 138.

■ In determining whether the minimum contacts requirement has been met, the following factors should be considered: (1) the nature and quality of the contact; (2) the quantity of those contacts; (3) the relationship of the cause of action to those contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Dillaplain*, 788 S.W.2d at 534[6].

■ Bettie contends that she is not subject to the jurisdiction of Missouri because her contacts are insufficient and she has conducted no purposeful activity within the state. She relies on *Medicine Shoppe Int'l v. J–Pral Corp.*, 662 S.W.2d 263 (Mo.App. 1983). That case is distinguishable because the contacts in this case are totally dissimilar to those in *Medicine Shoppe* in which the corporation made a single contract but without any of its officers or agents ever being present in this state.

The record in the case at bar reflects that Bettie (1) lived in Missouri while she was married to John; (2) the marriage was dissolved in Missouri; (3) she executed a property settlement agreement in Missouri; (4) the agreement divided certain marital and nonmarital property; (5) the agreement established the rights, title and interest of each party to the assets at issue in this case; (6) the agreement was incorporated into the divorce decree; (7) the breach of the agreement may have substantial impact upon the decedent's probate estate proceedings in Missouri. This court finds these acts significant enough to show that Bettie purposefully availed herself of the privilege of conducting activities in this state to create a substantial connection with Missouri.

Bettie further contends that there is no impact on the Missouri estate because the funds in question are "non-probate" assets, but the court must ultimately determine whether the proceeds in dispute are assets of the estate. Since it is possible that the

court could determine that Bettie wrongfully withheld the proceeds and that the assets belong to the estate, this court finds that Missouri has a significant interest in the outcome of this action. Therefore, this court finds that Bettie's contacts with Missouri are sufficient to subject her to this state's jurisdiction under the long-arm statute without violating due process.

Pawlowski next argues that the court erred in finding that it lacked subject matter jurisdiction. Bettie contends that the proceeds at issue are "non-probate" and therefore, do not fall within the jurisdiction of the probate court. The characterization by the parties of the assets, however, is not determinative of the jurisdiction of the court. Moreover, the purpose of the action in the probate court, pursuant to § 473.-340.1, is to determine whether or not the assets belong to the estate. The question of whether or not assets belong to the estate confers subject matter jurisdiction on the court. Bettie's argument that she is the named beneficiary of the assets is directed at the merits of the action and not at the question of jurisdiction which is the only issue presented on this appeal. This court expresses no view on the merits of the action.

Pawlowski properly filed her petition to discover assets of the estate and for breach of contract and the court has jurisdiction over Bettie and over the subject matter of the suit. The judgment is reversed and this cause is remanded for further proceedings.

All concur.