## In re DEAN.
### No. 26001.

District Court, W. D. New York.
Feb. 11, 1937.

William S. McGreevy, of Geneva, N. Y., for bankrupt.

M. Matthew Frogate, of Trumansburg, N. Y., for judgment creditor.

KNIGHT, District Judge.

On July 29, 1927, the bankrupt and his wife, Christina B. Dean, entered into a written separation agreement whereby the bankrupt agreed to pay $30 monthly to his wife for her support and maintenance. Installments as agreed were paid to December, 1927. On February 27, 1933, the wife obtained a judgment against her husband in the sum of $1,950.25 on account of moneys payable under the aforesaid agreement. The wife, as a judgment creditor, following examination of the debtor in supplementary proceedings, obtained an order of the County Court directing the bankrupt to pay $25 monthly of his income to apply on judgment. The debtor failed to meet such payments, and on January 14, 1936, the county judge issued an order to show cause why the bankrupt should not be punished for contempt. The adjudication in bankruptcy herein was made January 19, 1937, and on January 20, 1937, this court issued an order directing the judgment creditor to show cause why she should not be restrained from further proceedings to collect on judgment aforesaid and restraining such judgment creditor pending the determination of such order to show cause.

The question raised here has been answered by the courts many times. A claim for alimony is not such a one as is dischargeable in bankruptcy. The language of section 17a of the Bankruptcy Act (11 U.S.C.A. § 35) is definitely applicable here. On the question of the nature of the claim for alimony and the question of its dischargeability, attention is directed to: Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009; Dunbar v. Dunbar, 190 U.S. 340, 23 S. Ct. 757, 47 L.Ed. 1084; Wetmore v. Markoe, 196 U.S. 68, 25 S.Ct. 172, 49 L. Ed. 390, 2 Ann.Cas. 265; In re Ridder (C.C.A.) 79 F.(2d) 524, 103 A.L.R. 719; In re Meyers (D.C.) 12 F.(2d) 938; In re Adams (C.C.A.) 25 F.(2d) 640.

Concluding that the judgment is not dischargeable, it is not necessary to consider the question raised as regards the contempt proceedings.

The motion to restrain the judgment creditor from proceeding upon her judgment is denied.