241 S.W.2d 806 (1951)
ALLCORN
v.
ALLCORN.
No. 28082.
St. Louis Court of Appeals. Missouri.
July 3, 1951.
*807 Robert L. Brown, Richard M. Stout, St. Louis, for appellant.
William W. Sleater, Jr., St. Louis, for respondent.
HOUSER, Commissioner.
This is an appeal from the action of the circuit court overruling a motion to modify a divorce decree insofar as the same pertained to an allowance of alimony.
Homer Allcorn filed a petition for divorce against his wife Hilda, who subsequently filed a cross bill for divorce.
On June 29, 1946 the parties entered into a stipulation as follows:
"This Agreement, made and entered into this 29th day of June, 1949, by and between Hilda R. Allcorn, hereinafter called the Party of the First Part, and Homer Allcorn, hereinafter called the Party of the Second Part, Witnesseth:
"Whereas, the said parties are husband and wife and there was born to their marriage one child, to wit, Delores Allcorn, now sixteen (16) years of age, and
"Whereas, difficulties have arisen between said First and Second Parties who no longer are living together, and the said Party of the First Part has informed the Party of the Second Part that she is filing a cross-bill seeking a divorce against said Second Party in the suit for divorce heretofore brought by the Second Party against the First Party in the Circuit Court of the City of St. Louis, Missouri, in Division No. 16 thereof, and that she will seek alimony and support for herself and the said minor child of the parties, as well as the custody of said child;
*808 "Now, Therefore, the premises considered, the said parties agree that should such a cross-bill for divorce be filed by the party of the First Part against the Party of the Second Part as now contemplated, and that should the Court, upon hearing said cause, grant a divorce to said Party of the First Part from said Party of the Second Part upon her cross-bill, then in such an event the said Party of the First Part shall receive, by way of alimony and support and maintenance for herself and the minor child of the parties, Delores, the following financial payments and support from the Party of the Second Part:
"First: The Party of the Second Part shall pay to the Party of the First Part on the first day of the month following the granting of a decree of divorce to the Party of the First Part and each succeeding month thereafter, the sum of Fifty Dollars ($50.00) per month for the support and maintenance of the minor child of the parties, Delores, until the further order of the Court. Payments may be made in installments of Twenty-five Dollars ($25.00) each on the first and fifteenth of each month. It is understood that this provision is subject to the approval of the Court granting a divorce.
"Second: The Party of the Second Part is to pay to the party of the First Part for her maintenance and support the sum of Fifty Dollars ($50.00) per month payable in installments of Twenty-Five Dollars ($25.00) each on the first day of each month and Twenty-Five Dollars ($25.00) each on the fifteenth day of each month, starting July 1, 1949, should a decree of divorce be granted before that time and that such payments shall continue thereafter in such amounts and at such times as long as the said Party of the First Part remains single and unmarried. Should said First Party remarry, the payments shall cease.
"Third: The Party of the Second Part is to pay to the Party of the First Part, upon the granting of a decree of divorce, the sum of Six Hundred Dollars ($600.00) cash, as well as all unpaid payments for past due alimony. The sum of Six Hundred
Dollars ($600.00) is to be credited by the Party of the First Part to those payments due from the Party of the Second Part from July 1, 1949, to January 1, 1950, on which last day the said Party of the Second Part is to immediately resume the monthly payments as hereinbefore set out at the rate of Fifty Dollars ($50.00) a month for the support of the Infant, Delores, payable in installments of Twenty-Five Dollars ($25.00) each on the first and fifteenth of each month, and the payment of Fifty Dollars ($50.00) a month alimony to the Party of the First Part payable in installments of Twenty-Five Dollars ($25.00) each on the first and fifteenth of each month.
"Fourth: The Party of the First Part is to receive and have as her property, free and clear of any claims of the Party of the Second Part, all the furniture, furnishings, household effects and personal property owned and used by the parties and now in the premises occupied by the Party of the First Part at 4138 Botanical Avenue, St. Louis, Missouri.
"Fifth: The Party of the First Part is to have the care, control and custody of Delores, the minor child of the parties. The Party of the Second Part shall be entitled to the custody of such minor child on such dates and between such hours as may be mutually agreeable to both parties.
"Sixth: Simultaneously with the execution of this Agreement, the said Party of the Second Part is to sign and release all interest he may have in and to the following insurance policies on the life of the minor child, Delores, and in which he is designated as beneficiary, which policies are to be delivered and remain in the possession of the Party of the First Part: John Hancock M. Life Ins. Co. No. 3552665; Natl. Life & Acc. Ins. Co. M-12415502.
"Seventh: The said Party of the Second Part is to deliver and turn over to the said Party of the First Part upon the granting of a divorce, all United States Government `E' Bonds, in which the said infant, Delores, is named as one of the payees thereof, the said bonds are at all times thereafter to remain the property of the *809 said infant, Delores, and have not heretofore been redeemed.
"Eighth: The parties agree that the above provisions have been mutually arrived at as being satisfactory to them, after a full discussion of their financial affairs and that such provisions are not in any way a consideration or an inducement for filing of the contemplated cross-bill for divorce by the Party of the First Part against the Party of the Second Part.
"Ninth: The Party of the Second Part is to pay all the Court costs in connection with the granting of a divorce to the Party of the First Part, including a reasonable attorney's fee to be paid to the attorney for the party of the First Part.
"An executed copy of this Agreement shall be exhibited to the Court for the purpose of guiding such Court in the awarding of alimony and support to the Party of the First Part, should such Court grant to such Party of the First Part a decree of divorce from said Party of the Second Part, and such executed copy shall be filed in said cause.
"In Witness Whereof, the parties have hereunto set their hands this 29th day of June, 1949."
The record shows that on June 29, 1949 defendant filed her cross bill, plaintiff dismissed his petition, the above stipulation was filed, the cause was submitted to the trial court on the cross bill and a decree was entered granting the wife a divorce and custody of the daughter Delores. The decree contained the following financial arrangements:
"It is further ordered, adjudged and decreed by the Court that the defendant have and recover of the plaintiff, as and for the support and maintenance of said minor child, the sum of $50.00 per month, until the further order of the Court, payable in equal semi-monthly installments of $25.00 each on the 1st and 15th days of each month, the first payment to be made and to become due and payable forthwith.
"It is further ordered, adjudged and decreed by the Court that the defendant also have and recover of the plaintiff, as and for alimony, the sum of $50.00 per month, payable in equal semi-monthly installments of $25.00 each on the 1st and 15th days of each month, the first payment to be made and to become due and payable forthwith. It is further ordered by the Court that the costs of this proceeding be paid by the plaintiff, and in default of the payment of said costs or any of the installments awarded as aforesaid, as and for (alimony, and as and for the support and maintenance of said minor child, as and when the same become due and payable execution issue therefor."
On January 27, 1950 plaintiff filed a motion to modify the decree of divorce so as to relieve him of the payment of child support and maintenance, on the ground that the daughter Delores had become emancipated, and to "nullify the order of support money granted to the defendant" on the ground that "the property settlement made by plaintiff and defendant and filed in this case is without force and effect, as it was obtained by the defendant by fraud and misrepresentation, in that defendant knowingly fraudulently represented to plaintiff that her income at the time of the divorce was $19.00 per week, when in fact it was approximately $27.00 per week." The quoted provision of the motion to modify was stricken on motion of the defendant, the court taking the position that it was without jurisdiction to try the issues raised thereby. The motion to modify, as thus pared down, came on for hearing on April 4, 1950. At the conclusion of the hearing the court sustained the defendant's motion to dismiss the motion to strike except as to that portion of the motion directed to the support of the minor child, and on April 22, 1950 the court sustained the motion to strike as to child support, ordered plaintiff relieved of paying any further installments for the support and maintenance of the child, and further ordered "that in all other respects the original decree of divorce, and as subsequently modified, remain in full force and effect, * * *."
Plaintiff filed a motion for new trial on May 2, 1950, and upon the entry of an *810 order overruling the same, appealed to this court "from the order of Court entered herein on the 22nd day of April, 1950, overruling in part plaintiff's motion to modify."
Before taking up the assignments of error we will dispose of respondent's claim that there is nothing before this court on this appeal. The argument is that the action of the court, in sustaining respondent's motion to dismiss appellant's motion to modify insofar as it applied to alimony, occurred on April 4, 1949; that the motion for new trial was not filed until May 2, 1949, or 28 days thereafter; that the notice of appeal is from the judgment rendered April 22, 1949; and that under R.S.Mo.1949, § 510.340 appellant was required to file his motion for a new trial within 10 days after April 4, 1949. This contention is untenable for the reason that there was no final judgment on the motion to modify until April 22, 1949, and the motion for new trial was filed within 10 days thereafter. The motion to modify raised two issues: (1) the liability to pay alimony and (2) the liability to pay child support. Although these two questions were decided by the court on different days there could be and was but one final judgment, namely, the judgment rendered on April 22, 1949, and an appeal from the order made on April 4, 1949 would have been premature. The Code of Civil Procedure authorizes an appeal of a motion to modify a divorce decree only "from any final judgment in the case." § 126, Laws 1943, p. 390, Mo.R.S.A. § 847.126, R.S.Mo.1949, § 512.020. A final judgment must dispose of all issues in the case. Deeds v. Foster, Mo.Sup., 235 S.W.2d 262; Green v. Green, Mo.App., 240 S.W.2d 741. We will, therefore, consider the appeal on its merits.
Appellant assigns as error the action of the trial court in (1) not reducing the alimony award; (2) not entertaining plaintiff's motion to modify the alimony award; (3) sustaining in part defendant's motion to dismiss plaintiff's motion to modify; (4) sustaining defendant's motion to strike parts of plaintiff's motion to modify; and (5) upholding the stipulation as a valid enforceable and binding property settlement agreement supported by adequate consideration, binding on the parties, and not subject to modification by the court.
If the stipulation filed in the case at bar at the time the decree was rendered was intended as an advisory memorandum only, offered to the court merely as a suggestion of the amount of support and maintenance upon which the parties could agree, but not representing a valid and binding contractual settlement of property rights, and if the ultimate decision on the question of alimony was to be left to the court, either with or without further evidence, then the judgment of June 29, 1949 awarding defendant $50 per month is an award of alimony as such and is subject to modification, on a proper showing.
On the other hand, if the stipulation filed was a final and binding contract between the parties with reference to their property rights in which the parties made the ultimate decision on the matter of the amount of support and maintenance the defendant would enjoy after divorce granted, and the parties intended to leave nothing for the determination of the court on the question of the amount of the allowance, the judgment of June 29, 1949 is a consent judgment, and the decree is immune from subsequent modification, except by the consent of the parties. Tracy v. Tracy, Mo.App., 205 S.W.2d 947.
Our conclusion is that the judgment awarding $50 per month to defendant for support and maintenance is a consent judgment based on a binding contract and, therefore, not subject to modification, for the following reasons: 1. The preliminary recitals in the stipulation provide that the wife "shall" receive certain payments; the language of the stipulation and of the decree is contractual in nature and not merely advisory. 2. Clause "Second" of the stipulation contains no provision that the payments be made "until the further order of the court" or that the provision is subject to the approval of the court, such as the parties employed in clause "First" fixing the amount of child support. Likewise, the decree contains no such *811 limitation in providing for defendant's support, whereas it does award child support "until the further order of the court." This is highly significant. In the recent case of Tysdal v. Tysdal, Mo.App., 235 S.W.2d 124, 128, we held that the inclusion of the language "until the further order of the Court" in the portion of the decree allowing support and maintenance for the wife constituted a specific reservation of the right to modify the amount of the award in the future. In the case at bar there were no strings attached to defendant's award of support and maintenance as in the Tysdal case, supra, and the omission of any such language both in the stipulation and the decree is persuasive evidence that no future modification was intended either by the parties or the court; that they intended the award of support and maintenance to be peremptory and final. 3. The stipulation settles other matters relating to property interests, such as the disposition of the furniture, furnishings and household effects, interest in a life insurance policy, possession of certain government bonds, etc. Thus it appears contractual rather than suggestive merely, and although it does not contain a general release of dower and all other claims or rights arising out of the marital relation, there is no requirement that parties settle all or none of their property rights at the same time and in the same instrument. The scope and content of the contract settling their property rights is a matter within the province of the parties to determine. 4. The stipulation provides that it be exhibited to the court "for the purpose of guiding such court" in the awarding of alimony and support. To "guide" means to "direct", "regulate", or "order", according to various definitions in Webster' New International Dictionary, 2d Ed., and apparently it is in this sense that the term "guiding" is used in the stipulation. 5. The court adopted the amount ($50 per month) and the time and method of payment ($25 on the 1st and $25 on the 15th days of each month) agreed upon in the stipulation.
The decree, therefore, is not subject to modification except by the consent of both parties, and assignments of error Nos. 1, 2, 3 and 5 must be overruled.
With reference to the action of the court in sustaining defendant's motion to strike that part of plaintiff's motion to modify alleging fraudulent misrepresentation, we think the court committed no error, for the reason that if the property settlement was induced by any such fraud plaintiff's remedy is an independent equity suit to set aside or modify the contract, and not a motion to modify the divorce decree. State ex rel. Green v. James, 355 Mo. 223, 195 S.W.2d 669, loc.cit. 673; Schneider v. Schneider, Mo.App., 273 S.W. 1081; 17 Am.Jur. 554, § 738.
This disposes of the only remaining assignment of error adversely to the contention of appellant, and it is, therefore, the recommendation of the Commissioner that the judgment be affirmed.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, affirmed.
ANDERSON, P. J., and McCULLEN and BENNICK, JJ., concur.