In the Matter of Homer ALCORN,
Bankrupt.
No. 47105.

United States District Court
N. D. California, S. D.
May 23, 1958.

John Griffin, Gaylord & Gaylord, San Francisco, Cal., for bankrupt Homer Alcorn.

Dinkelspiel & Dinkelspiel, San Francisco, Cal., for petitioner Hilda Alcorn.

OLIVER J. CARTER, District Judge.

The matter is before the Court upon the petition for review of an order of the Referee in Bankruptcy, pursuant to the provisions of 11 U.S.C.A. § 67. The petitioner, Hilda Alcorn (also known as Hilda Allcorn), is the divorced wife of the voluntary bankrupt, Homer Alcorn (also known as Homer Allcorn); she is a resident of St. Louis, Missouri, and he is a resident of San Mateo County, California. She has objected to the proof and discharge of a judgment and certain contractual obligations which she contends represent past and future payments for her maintenance and support, but which the bankrupt alleges to be provable and dischargeable liabilities.

The bankrupt filed a voluntary petition in bankruptcy on August 13, 1956. Listed on Schedule A–3, Creditors Whose Claims are Unsecured, is the following item:

"Mrs. Hilda R. Alcorn, 3720A Keokuk St., St. Louis, Mo. based upon written contract to pay said creditor the sum of $50.00 per month for her maintenance and support payable in instalments of $25.00 on the 1st and $25.00 on the 15th day of each month with the first payment commencing July 1, 1949 and continuing so long as said creditor remains single and unmarried. Based on life expectancy of creditor of 69 years less $3545.75 paid prior to filing this petition. Judgment for $2415.00 of this amount against petitioner in 1955 in San Francisco being Superior Court #338252 on June 1955.                    $30954.25"

The Referee in Bankruptcy, in his order of July 17, 1957, stated:

"Upon the facts set forth in the 'Memorandum of Points and Authorities' * * * and basing the order, judgment and decree hereinafter set forth upon those facts and the pertinent law of the State of Missouri, particularly as declared in Edmondson v. Edmondson, [Mo. App.], 242 S.W.2d 730, decided in 1951 and practically on 'all-fours' with the case here under consideration and also based upon Section 17, sub. a of the Bankruptcy Act [11 U.S.C.A. § 35, sub. a], the court concludes as matters of law, (1) that the debt listed in the bankrupt's schedules (which is set out in full in the preceding paragraph) * * * is a debt dischargeable in this bankruptcy proceeding. * * *."

Questioning the correctness of this ruling, the petitioning judgment creditor, Mrs. Alcorn, demanded a review of the Referee's holding.

The bankrupt filed a petition for divorce against his wife in 1949 in Missouri, and she subsequently filed a cross bill for divorce against him. The parties entered into an agreement, which is fully set out in Allcorn v. Allcorn, Mo. App., 241 S.W.2d 806, 808; the agreement purported to dispose of the property of the parties, and it provided, *inter alia*, that should the wife's cross bill be granted:

"* * * then in such event the said Party of the First Part shall receive, by way of alimony and support and maintenance for herself and the minor child of the parties, Delores, the following financial payments and support from the Party of the Second Part: * * *"

Following a clause concerning payments for the support and maintenance of the minor child, the agreement provided:

"Second: The Party of the Second Part is to pay to the Party of the First Part for her maintenance and support the sum of Fifty Dollars ($50.00) per month * * * starting July 1, 1949, should a decree of divorce be granted before that time and that such payments shall continue thereafter in such amounts and at such times as long as the said Party of the First Part remains single and unmarried. Should said First Party remarry, the payments shall cease."

The decree of divorce was granted to the wife; the judgment of divorce contained the provision that the wife was to receive "as and for alimony" the sum of fifty dollars per month. Subsequently, the husband filed a motion to modify the decree. His motion was granted with regard to the provisions concerning the minor daughter, who had become emancipated. The court held, however, that the agreement between husband and wife was a consent judgment based upon a binding contract and immune from modification, save by the consent of the parties. See Allcorn v. Allcorn, supra.

In 1955, after failure of payment on the contract, and before institution of bankruptcy proceedings, the divorced wife filed suit in the Superior Court of the State of California and recovered a judgment upon the contract. After the filing of the involuntary petition in bankruptcy, a restraining order was issued by the Referee in Bankruptcy restraining the wife from enforcing the judgment. The wife, desiring to proceed once more against the bankrupt in the California courts, petitioned the Referee to dissolve the restraining order. Her petition was denied; the judgment and the obligations arising from the contract were proved and ordered discharged; hence, this review.

■ The question before the Court is whether the contract is one for the support and maintenance of the wife arising out of the statutory or common law obligation of the husband for maintenance and support, or whether the contract is one settling the property rights of the parties and providing for the support and maintenance of the wife as a part of the property settlement, and not arising out of the obligation in law of the husband to support and maintain the wife. The answer to this question will determine whether the debt created by the agreement is dischargeable in bankruptcy. Inasmuch as the parties entered into the agreement in Missouri, and inasmuch as Missouri was the locus domicilii of the parties and the state where the decree of divorce was granted, the Court will look to the law of that state with regard to the status of the parties, and with regard to their respective rights and duties under the contract and decree in question.

According to the law of Missouri:

"It is well settled that husband and wife have the right by contract, in the event of their separation, to adjust and settle all their property rights, including dower, alimony and support, and the courts are bound by such contract if it is free from fraud, collusion or compulsion, and is fair to the wife. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061." Moran v. Moran, Mo. App., 286 S.W.2d 389, 391.

■ ■ In Missouri, the parties to a separation and divorce may either enter into a contract and agree between themselves as to the terms and amounts of the support and maintenance payments to the wife, or they may leave the matter of alimony to the sound discretion of the court. Alverson v. Alverson, Mo.App., 249 S.W.2d 472; Jenkins v. Jenkins, Mo. App., 257 S.W.2d 250. One aspect of the Missouri law is that when the parties have entered into a binding agreement for alimony or maintenance and support, and such agreement is incorporated into the decree of divorce, such agreement may not be modified without the consent of the parties. Allcorn v. Allcorn, supra; Jenkins v. Jenkins, supra.

■ ■ There is a fundamental and basic distinction which must be drawn between a property settlement agreement and alimony or an agreement for maintenance and support. "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife." Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 736, 45 L.Ed. 1009. The parties may contract between themselves concerning the amount of alimony, in which event their agreement may be termed a contract for maintenance and support. Alimony or support and maintenance may continue

only so long as the wife does not remarry, or for so long as the husband may live. Modification of the terms of the decree or contract, permitted in many jurisdictions when there is a change in the financial condition of the parties, is no longer a valid criterion, since some states, e. g. Missouri, will not modify a valid and binding contract for maintenance and support, even though in the nature of alimony. Bankruptcy will not relieve a husband of his obligation to make alimony payments; similarly, he may not be relieved from an obligation arising from a contract for maintenance and support where his liability is of the same nature as alimony. "* * * why should it be held that Congress intended that such a contract, to do what the law enjoins upon him as a duty, should be released?" Dunbar v. Dunbar, 190 U.S. 340, 23 S.Ct. 757, 762, 47 L.Ed. 1084.

The basic public policy concerning the nature and extent of the obligation of alimony or maintenance and support is one that has been drawn from the precepts of the common law. "The community as a whole is vitally concerned that families shall not be left destitute by irresponsible husbands or fathers." Goggans v. Osborn, 9 Cir., 1956, 237 F.2d 186, 189.

On the other hand, a property settlement agreement deals with the division of property belonging to a husband and wife. The wife may, for a consideration, waive her rights to alimony or maintenance and support. The rights of the parties are determined according to the law of contract, and may survive the parties and continue on in spite of remarriage or changed financial conditions. A property settlement agreement may be discharged in bankruptcy. Fernandes v. Pitta, 47 Cal.App.2d 248, 117 P.2d 728; Tropp v. Tropp, 129 Cal.App. 62, 18 P.2d 385.

The exception from discharge upon which the petitioning creditor relies, 11 U.S.C.A. § 35 (Bankruptcy Act § 17, sub. a), states that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for alimony due or to become due, or for maintenance and support of wife or child * * *"

In determining whether an agreement is one which comes within the provisions of this exemption, the Court must look to the nature of the contract itself and ascertain whether the agreement is one which merely provides for the division of property between the parties, and as such is in lieu of alimony and a bona fide property settlement agreement, or whether the contract, although denominated "property settlement agreement," is one which embodies within its terms the common law or statutory duty and, consequently, is essentially a contract for maintenance and support. In re Hollister, D.C.S.D.N.Y.1942, 47 F.Supp. 154, affirmed 2 Cir., 1943, 132 F.2d 861; Blair v. Blair, 44 Cal.App.2d 140, 112 P. 2d 39; In re Adams, 2 Cir., 1928, 25 F.2d 640; In re Ridder, 2 Cir., 1935, 79 F.2d 524, certiorari denied Ridder v. Ridder, 297 U.S. 721, 56 S.Ct. 599, 80 L.Ed. 1005; In re Dean, D.C.W.D.N.Y.1937, 17 F. Supp. 1023; In re Runge, D.C.E.D.N.Y. 1936, 15 F.Supp. 31; Goggans v. Osborn, supra.

Looking at the contract between the bankrupt and his wife, substance, rather than form or caption, must be the test. From the four corners of the contract, it is obvious that the agreement is one for the maintenance and support of the wife, and arises out of the lawful duty of the husband to support her. There is little property of consequence divided between the separating spouses, and the obligation of the husband is one which would cease either upon the remarriage of the wife or upon the death of either party. Although the contract is not subject to modification, it is none the less one wherein the parties have agreed as to the nature and extent of the husband's "natural and legal duty." See Moran v. Moran, supra.

The Referee in Bankruptcy, in ordering the proof and discharge of the judg-

ment and contract, has relied upon the case of Edmondson v. Edmondson, Mo. App., 242 S.W.2d 730, 735. He has stated that the case is on "all-fours" with the matter at bar. The Court is of the opinion that the Referee has misconceived the dictum contained in that case, in that he has taken it as authority for the proposition that a non-modifiable Missouri contract for maintenance and support may be discharged in bankruptcy.

The two cases are readily distinguishable. Edmondson v. Edmondson, supra, was an appeal from an order sustaining motions to quash successive executions upon the same judgment. The judgment was one for divorce in Missouri. The parties, having been married less than five months, entered into an agreement wherein the husband promised to pay certain monthly sums to the wife for her natural life, regardless of whether she remarried, and the payments were made a charge upon the husband, his heirs, executors and administrators, and "a charge upon his estate." Such provisions, the appellate court stated in its opinion, are "not allowable in a divorce decree." However, when the decree of divorce was granted to the wife, the terms of the agreement were expressly adopted by the trial court and were made a part of the judgment of divorce.

After the husband had made several payments, he was adjudged a bankrupt; on his schedule of creditors, he listed his former wife as his sole creditor, and described the obligation under the contract as one in the amount of $32,083.00, based upon the life expectancy of the wife. In the meantime, the wife had obtained several executions, based upon the judgment of divorce; the husband moved to quash them on the grounds, among others, that the debt had been discharged in bankruptcy and that the judgment of divorce was void insofar as it attempted to provide for the monthly payments to the wife. The motions were sustained, and upon appeal the court held that the lower court was without power to enter a judgment of divorce containing provi-

sions forbidden under the Missouri law; the court held that that part of the decree which adopted, ratified and confirmed the agreement of the parties as one for maintenance and support was void. Inasmuch as the executions had been issued upon a void judgment, they were absolutely without effect. Therefore, the court did not pass upon the claim that the debt had been discharged in bankruptcy. The court said:

"* * * it is not necessary for us to discuss * * * the effect of the bankruptcy adjudication upon defendant's indebtedness to the plaintiff." (Emphasis added.) 242 S.W. 2d 736.

Further distinguishing the matter at bar from Edmondson v. Edmondson, supra, the following differences are readily apparent:

1) The obligation for maintenance and support for Mrs. Alcorn in both the contract and decree were to continue only so long as Mrs. Alcorn remained unmarried; the provisions in the Edmondson agreement were for payments regardless of Mrs. Edmondson's subsequent marital status.

2) The Alcorn obligation would terminate upon the death of either husband or wife; Mr. Edmondson's duty was one which would continue after his death.

3) Mrs. Alcorn has at all times relied upon the contract; she pursued it to judgment in the California court, and is here attempting to sustain it as one for her maintenance and support. In the Edmondson matter, Mrs. Edmondson relied solely upon the decree of divorce, and the Edmondson decision was based exclusively upon the invalidity of that decree.

4) In the case of Allcorn v. Allcorn, the Missouri appellate court held only that the contract could not be modified without the consent of the parties; neither the contract nor the decree was invalidated. In the Edmondson appeal, the validity of the contract was not assailed; only the judgment was invalidated, the court stating at 242 S.W.2d 735:

"It does not follow that the provisions of a decree for support and maintenance are valid because a similar agreement of the parties therefor is valid."

5)  In the Allcorn case, the Missouri court considered the provisions of both the contract and decree to be for maintenance and support.  For example, the court stated at 241 S.W.2d 811:

"In the case at bar there were no strings attached to defendant's *award of support and maintenance* as in the Tysdal case, supra [Tysdal v. Tysdal, Mo.App., 235 S.W.2d 124] and the omission of any language both in the stipulation and the decree is persuasive evidence that no future modification was intended either by the parties or the court; that they intended the *award of support and maintenance* to be peremptory and final."  (Emphasis added.)

In the Edmondson case, on the other hand, only the decree of divorce was before the court; there was no holding as to whether Mrs. Edmondson had waived her statutory right to support and maintenance, but only a holding that "The provisions in the decree for payments to the plaintiff for her maintenance and support did not, under the circumstances, constitute a valid judgment for alimony or authorize the executions * * *" 242 S.W.2d 737.

The bankrupt, himself, has listed the obligation upon Schedule A-3 as a: "* * * written contract to pay said creditor the sum of $50.00 per month for her maintenance and support * * *."  This obligation is one which falls squarely and precisely within the provisions of 11 U.S.C.A. § 35 (Bankruptcy Act, § 17, sub. a), and consequently neither the judgment nor the contract may be discharged in bankruptcy.

Accordingly, the order of the Referee in Bankruptcy is reversed and the cause remanded for further proceedings not inconsistent with the views hereinabove expressed.  So ordered.