## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Lewis S. Pendleton, Jr.

v.

Robert L. Curtis, III, et al.

May 20, 1963

Case No. A-5916

By JUDGE ALEX H. SANDS, JR.

This case is before this Court upon appeal from a judgment of the Civil Justice Court overruling the defendant's motion to quash certain garnishment proceedings rendered March 21, 1963, and judgment that day in favor of the judgment creditor upon the garnishment.

The appeal was perfected in proper time. The judgment of March 21 was the action to which an appeal lay regardless of when the Court, by letter, communicated its views to counsel.

The original suit, out of which this matter arises, was brought by plaintiff to recover counsel fees as agreed upon in a written agreement entered into by defendant and his wife during a divorce proceeding in which plaintiff was counsel for defendant's wife. Bed and board decree in this proceeding approved and ordered the aforesaid agreement filed with the papers in the suit, made provision for support and maintenance for the wife and children in accordance with such agreement, but made no provision for counsel fees. Suit by plaintiff in Civil Justice Court to recover his counsel fees resulted in judgment for plaintiff.

Defendant contends that his bankruptcy, taken subsequent to the judgment, discharged the judgment obtained by plaintiff in his said action against defendant for the attorney's fees set out in the agreement. This contention is based upon the proposition that 172A(a) of the

bankruptcy act (11 U.S.C.A. § 35(2)) if it exempts from bankruptcy counsel fees at all, exempts only those specifically allowed by Court decree or by a settlement agreement between the parties *approved* by decree of Court, neither of which situations here existed.

This does not appear to be the test. Upon the theory that counsel fees in a divorce proceeding are really but a part of alimony and support, the cases appear universally to hold that an award of fees by a Court in a divorce proceeding is not dischargeable in bankruptcy. *Re Brennen* (N.Y.) 29 Fed. Supp. 1022; *Damon v. Damon*, 283 F.2d 571. See also Cohen, *Divorce and Alimony in Va. and West Va.*, page 408.

The determining factor in considering the issue of dischargeability is not Court approval of either the fee or the settlement agreement but rather the *nature* of the agreement itself, i.e., whether under a reasonable construction of its terms the agreement is in essence a true property settlement agreement or whether it is an attempt to fix alimony and support. The former variety is dischargeable regardless of whether or not approved by Court while the latter type is *not* dischargeable. *In re Alcorn*, 162 F. Supp. 206. See also cases collected and analyzed in note found at 74 A.L.R.2d, page 758 (1960).

That the agreement in the case at bar is of the latter type is abundantly clear from a reading of the agreement. Indeed the preamble to the agreement (designated a Separation Agreement) states:

> Whereas, the parties hereto desire to settle and adjust their rights in the premises *regarding the maintenance and support of the said children*

For the above reasons the obligation of the agreement for payment of counsel fees and the judgment rendered thereon is held not to be dischargeable in bankruptcy.