[Civ. No. 39466. Second Dist., Div. Four. Oct. 6, 1972.]

EUGENE F. SLOAN, Plaintiff and Appellant, v.
VERA L. MITCHELL, Defendant and Respondent.

**COUNSEL**

William E. Gore for Plaintiff and Appellant.

Robert Short for Defendant and Respondent.

## OPINION

**JEFFERSON, J.**—Plaintiff Eugene Sloan brought this action for declaratory relief, seeking a determination that a certain obligation, incurred by him pursuant to a marital settlement between himself and his ex-wife Vera, the defendant herein, was an obligation subject to discharge in bankruptcy.[1] The trial court found the obligation constituted spousal support; that it did not terminate upon the remarriage of Vera; and that it was not dischargeable in bankruptcy. Plaintiff has appealed the judgment.

Eugene and Vera Sloan separated in 1958, after 18 years of marriage; there were no minor children. At that time, Eugene was employed as a commercial airlines pilot, grossing $1,800 per month. The parties entered into an agreement entitled "Property Settlement Agreement" on May 19, 1958; it was thereafter incorporated into the interlocutory decree granted Vera on June 12, 1958.

Article 6 of that agreement provides: "That in consideration of the years of married life, to-wit: eighteen (18) years, between the parties hereto, the husband hereby agrees to pay to said wife, VERA L. SLOAN, the sum of Five Hundred ($500.00) Dollars per month for the remainder of their joint lives. Said payments shall continue after any remarriage by the wife and shall not be decreased or increased except upon the occurrence of the contingencies hereinafter described. . . ." (Then the wife agreed to actually receive $350.00 per month, while the husband assumed tax liability on the payments.) "Said monthly payments may be modified only if (1) the husband is compulsorily retired by his employer or (2) if his employer or the Civil Aeronautics Administration will no longer permit him to fly commercially, whether by reason of physical or mental condition or revocation of license, if as a result thereof his average monthly earnings shall be reduced. On the occurrence of any of the above contingencies, the husband shall thereafter owe to the wife such amounts as shall thereafter be fixed by a court of competent jurisdiction as being fair and equitable under all the circumstances."

Another article in the agreement set forth the division of the community property of the parties, which was not extensive; there was a recital of intention to make final disposition of claims between the parties; and there was a waiver by the wife.[2]

---

[1]Code of Civil Procedure, sections 675b and 675c provide for relief of a bankrupt from a judgment in a state court.

[2]Article 12: "In consideration of the covenants and conditions herein contained, the provision for the support of the wife and the division of property herein made,

Vera remarried on March 25, 1967. On April 30, 1969, Eugene Sloan filed a petition in bankruptcy listing the debt to Vera as an unsecured obligation. Vera did not appear to contest. Sloan obtained his discharge on November 14, 1969. He had already filed the complaint for declaratory relief in October 1969.[3] At no time herein has plaintiff claimed that any of the listed contingencies in article 6, concerning his employment status or average earnings, have occurred.

United States Code (tit. 11, ch. 3, § 35(a)(7)) provides that: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as are for alimony due or to become due, or for maintenance or support of wife or child. . . ."

Plaintiff asserts that the federal courts, interpreting this provision, have defined alimony as an obligation which does not extend beyond the remarriage of the wife; that this interpretation is binding on state courts; and that since the obligation being considered here is not alimony, it is dischargeable under the Federal Bankruptcy Act.[4]

In *In re Alcorn,* 162 F.Supp. 206, 208, the court stated: "The question before the court is whether the contract is one for the support and maintenance of the wife arising out of the statutory or common law obligation of the husband for maintenance or support, or whether the contract is one for settling the property rights of the parties and providing for the support and maintenance of the wife as part of the property settlement, and not arising out of the obligation in law of the husband to support and maintain the wife. The answer . . ." determines whether the obligation is dischargeable; if the former, it is not. Having interpreted United States Code section 35(a)(7), *supra,* the federal court then examined the law of the state of Missouri where the *Alcorn* agreement was made while the parties were

---

the wife does hereby expressly waive any and all claims to alimony, support or maintenance which she otherwise might have over and above the amounts herein expressly provided for."

[3]The divorce proceedings had been heard and the petition for declaratory relief was filed in San Francisco, but the matter was removed to Los Angeles after the defendant's request for a change of venue was granted.

[4]He cites *Audubon* v. *Shufeldt,* 181 U.S. 575 [45 L.Ed. 1009, 21 S.Ct. 735]; *Dunbar* v. *Dunbar,* 190 U.S. 340 [47 L.Ed. 1084, 23 S.Ct. 757]; and *Wetmore* v. *Markoe,* 196 U.S. 68 [49 L.Ed. 390, 25 S.Ct. 172], for the proposition that one necessary incident of alimony is termination on the remarriage of the wife. These cases, however, all found the obligation to the wife nondischargeable, and none involved the type of provision with which we are concerned here. There is dicta in *In re Alcorn,* 162 F.Supp. 206, at page 208, relied upon by plaintiff, to the effect that alimony terminates upon remarriage. In that case, however, the agreement between the parties expressly provided for such termination.

domiciled there, to discover whether the obligation as created in that state constituted the payment of alimony or property division.

In the instant case, the agreement was made in California and the initial determination of the nature of the debt created must be made pursuant to California law. As was stated in *Roberts* v. *Roberts,* 261 Cal.App.2d 424, 428 [68 Cal.Rptr. 59], "Our task, therefore, is to construe the agreement to determine whether the payments were in the nature of support and maintenance and hence not dischargeable in bankruptcy."

█ In this state the nature of the obligation created is determined by the intention of the parties, as expressed in their agreement. If the payments involved are intended as support, rather than property division, discharge does not release the bankrupt. (*Hicks* v. *Hicks,* 264 Cal.App.2d 890 [70 Cal.Rptr. 878]; *Remondino* v. *Remondino,* 41 Cal.App.2d 208 [106 P.2d 437]; *Myhers* v. *Myhers,* 6 Cal.App.3d 855 [86 Cal.Rptr. 356].) Modifiability of the agreement is not determinative of the issue. (*Roberts* v. *Roberts,* cited *supra.*) Nor is the method of payment, whether in gross or periodically, material. (*Aarons* v. *Brasch,* 229 Cal.App.2d 197 [40 Cal. Rptr. 153].)

█ The provision under consideration here, for payment to the wife of a net sum of $350 per month after taxes, seems clear and unambiguous. The provision is prefaced by the phrase "in consideration of the years of married life, to-wit: eighteen (18) years," which suggests that the payments were intended by the parties to meet the husband's obligation deriving from the marriage relationship. The wife's express waiver of "any and all claims to alimony, support or maintenance which she otherwise might have over and above the amounts herein expressly provided for" supports this interpretation.

█ Plaintiff's argument that the obligation cannot be considered support because it extends beyond remarriage is without merit. Civil Code section 4801 (formerly Civ. Code, § 139) provides, in subdivision (b): "*Except as otherwise agreed by the parties in writing* [italics added] the obligation of any party under any order or judgment for the support and maintenance of the other party shall terminate upon the death of either party or the remarriage of the other party." While the agreement before us did extend the obligation of the husband beyond the ordinary statutory intendment, it is something that the husband could expressly undertake. (*Taliaferro* v.

*Taliaferro,* 125 Cal.App.2d 419, 424 [270 P.2d 1036].) The payments are not dischargeable.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.